UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LARRY KEE, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | 3:25-cv-00792 |
| ELECTROLUX CONSUMER PRODUCTS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Larry Kee, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-II of this Complaint, which arise out of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").

2. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within Mecklenburg County, North Carolina.

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Union County, North Carolina.

6. Defendant is a corporation registered to conduct business in the State of North Carolina with its principal place of business located in Charlotte, North Carolina.

7. The majority of the events pleaded herein occurred at the work site of 10200 David Taylor Drive, Charlotte, NC 28262.

8. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, CT Corporation System, located at 160 Mine Lake Ct. Ste. 200, Raleigh, NC 27615.

9. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff Larry Kee began employment with Electrolux Home Products, Inc. ("Defendant") in January 2018 as Manager of Warranty Administration.

11. Plaintiff worked at Defendant's Charlotte, North Carolina office located at 10200 David Taylor Drive.

12. Plaintiff reported to Director of Warranty Kara Mack.

13. Plaintiff was 61 years old at the time of the events at issue.

14. In or about October 2022, Defendant transferred employee Tawanna Marshall and her team from Defendant's Augusta, Georgia location to Defendant's Charlotte, North Carolina location.

15. All teams under Defendant's Charlotte, North Carolina location worked hybrid schedules.

16. Marshall and her team were allowed to work from home full-time.

17. Marshall was approximately 47 years old at the time of the transfer.

18. Upon her transfer, Defendant appointed Marshall as B2B (Business-to-Business) Area Manager, reporting to Mack; she became Mack's third direct report after Plaintiff and Ms. Yeshecah King, Manager of Warranty Operations.

19. Marshall had no prior experience in Warranty Administration or Operations.

20. Prior to June 2023, Plaintiff had not received any disciplinary actions or other indications of poor performance.

21. On June 29, 2023, Defendant held an all-hands meeting where it was announced that Marshall's B2B customer service team was being moved to another department, thereby eliminating Marshall's role; rather than allow Marshall to apply for positions internally as is traditionally done in this circumstance, it was announced that Marshall would be reassigned within 60-90 days.

22. On August 7, 2023, Defendant completed the integration of its B2B customer service team into the Major Appliances Sales Operations group.

23. In September 2023, King accepted a new position, and Marshall was assigned to assist in managing King's team.

24. On September 25, 2023, Mack and Human Resources Business Partner Hannah Duquette met with Plaintiff and informed him that his position would be eliminated due to restructuring.

25. During that meeting, Mack and Duquette stated that Defendant would be combining the Manager of Warranty Administration and Manager of Warranty Operations positions into

a new position titled Manager of Warranty Administration and Operations.

26. Plaintiff was told he and Marshall could apply for the new consolidated role.

27. On September 29, 2023, Plaintiff met with Mack and expressed that he believed Marshall was being preselected for the new position in part because of statements made at the June 19 meeting and because the new position was posted and then reposted with an additional clause allowing for grandfathered fully remote work.

28. On October 2, 2023, Plaintiff met with Duquette and relayed the same concerns as he did with Mack.

29. On October 5, 2023, Plaintiff applied for the new consolidated Manager of Warranty Administration and Operations role.

30. On or about October 10–12, 2023, Plaintiff interviewed for the position with Mack, Duquette, and Kevin Hickey, Director of Customer Service.

31. On October 17, 2023, Defendant informed Plaintiff that he was not selected for the position and that Marshall had been selected instead.

32. Plaintiff was advised that if he found no other opportunity within the company, he would be terminated.

33. Defendant did not provide Plaintiff with any reason for his non-selection.

34. Both prior to and after October 17, 2023, Plaintiff applied for other roles within Defendant but was not permitted to interview for them.

35. Specifically, Plaintiff applied for the Sales Manager/Director, Best Buy role and was not interviewed despite being clearly qualified for the role due to his background discussed in these Factual Allegations.

36. On October 26, 2023, Defendant terminated Plaintiff's employment, effective immediately, as communicated by Mack and Duquette.

37. Defendant later claimed that Plaintiff was not selected for the new role because he allegedly performed poorly in transitioning his team to the IntelAssist customer service vendor platform.

38. Plaintiff denies that his transition management was deficient. Plaintiff's team completed its transition successfully, implementing key operational tools that improved vendor performance.

39. Plaintiff personally led the development of pre-screening tests for IntelAssist's prospective employees, implemented agent scorecards, implemented ongoing knowledge retention testing, and directed his team to create a comprehensive library of video-based standard operating procedures to assist with vendor training and refresher training.

40. Plaintiff also created a consumer portal that simplified IntelAssist's workflow, reduced errors, enhanced fraud preventions, and improved overall IntelAssist productivity.

41. Plaintiff consistently attended IntelAssist meetings, led training sessions on the auto-replacement portal and process, and provided ongoing support to IntelAssist's leadership and team leads.

42. Plaintiff has extensive professional experience in transitioning outsourced customer care and back office processes as an outsourcer for companies such as Pepsi, Best Buy, and Readers Digest.

43. Plaintiff's team was responsible for additional transition items above and beyond what was required of Marshall's team because Plaintiff's Warranty Administration department

handled more complex consumer and business back office processing.

44. Plaintiff received positive feedback regarding the transition from his points of contact with IntelAssist.

45. On the other hand, members of Marshall's team and others reported experiencing significant struggles with their own IntelAssist transition.

46. Marshall's team members privately stated that those issues were not shared openly after Marshall instructed her subordinates not to discuss them.

47. Plaintiff received his Notice of right to sue on July 14, 2025.

## IV. CLAIMS FOR RELIEF

### COUNT I: ADEA DISCRIMINATION (NON-SELECTION - MANAGER OF WARRANTY OPERATIONS AND ADMINISTRATION)

48. Plaintiff incorporates by reference paragraphs 1-47 of his Complaint as if fully set forth herein.

49. Plaintiff is a member of a protected class by virtue of his age.

50. Defendant was aware of Plaintiff's age.

51. Plaintiff was qualified for the position at issue.

52. Plaintiff suffered the adverse action of non-selection.

53. Plaintiff was one of two finalists for the new Manager of Warranty Operations and Administration role his prior position was being rolled into.

54. Marshall was chosen over Plaintiff despite having significantly less experience.

55. Marshall was chosen over Plaintiff allegedly due to their work on the transition to IntelAssist, but Plaintiff only received positive feedback both internally and externally

about his work on the transition, while Marshall's team expressed concerns about their transition's execution.

56. Marshall is substantially younger than Plaintiff.

57. Defendant's business reason is therefore pretextual.

## COUNT II: ADA RETALIATION (NON-SELECTION - MANAGER OF WARRANTY OPERATIONS AND ADMINISTRATION)

58. Plaintiff incorporates by reference paragraphs 1-57 of his Complaint as if fully set forth herein.

59. Plaintiff was qualified for the position at issue.

60. Plaintiff participated in a protected activity when he complained to Mack on September 29, 2023.

61. Plaintiff participated in a protected activity when he complained to Duquette on October 2, 2023.

62. Plaintiff suffered the adverse action of non-selection.

63. Plaintiff was not given a reason for his non-selection.

64. Defendant's actions in eliminating Plaintiff's role and not selecting him for the Manager of Warranty Operations and Administration role, along with a lack of reason given for the non-selection, render Defendant's business reason pretextual.

## COUNT III: ADEA DISCRIMINATION (NON-SELECTION - SALES MANAGER/DIRECTOR, BEST BUY)

65. Plaintiff incorporates by reference paragraphs 1-64 of his Complaint as if fully set forth herein.

66. Plaintiff is a member of a protected class by virtue of his age.

67. Defendant was aware of Plaintiff's age.

68. Plaintiff was qualified for the position at issue.

69. Plaintiff suffered the adverse action of non-selection.

70. Plaintiff possessed a wealth of experience related to the position at issue, including previously working with Best Buy.

71. Plaintiff was not given a reason for his non-selection.

72. Defendant's actions in eliminating Plaintiff's role and not selecting him for the Sales Manager/Director - Best Buy role, along with a lack of reason given for the non-selection, render Defendant's business reason pretextual.

### COUNT IV: ADA RETALIATION (NON-SELECTION - SALES MANAGER/DIRECTOR, BEST BUY)

73. Plaintiff incorporates by reference paragraphs 1-72 of his Complaint as if fully set forth herein.

74. Plaintiff was qualified for the position at issue.

75. Plaintiff participated in a protected activity when he complained to Mack on September 29, 2023.

76. Plaintiff participated in a protected activity when he complained to Duquette on October 2, 2023.

77. Plaintiff suffered the adverse action of non-selection.

78. The temporal proximity between Plaintiff's protected activities and non-selection infer causation.

79. Plaintiff was not given a reason for his non-selection.

80. Defendant's actions in eliminating Plaintiff's role and not selecting him for the Sales Manager/Director - Best Buy role, along with a lack of reason given for the non-selection, render Defendant's business reason pretextual.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Reinstatement with Plaintiff's requested accommodation or, in the alternate front pay;

d. Full back pay plus interest, front pay, liquidated damages, reasonable attorney fees, and costs in accordance with the ADEA, to exceed $25,000; and

e. Any other relief this Court deems proper and just.

f. A demand for a Trial by Jury on all questions of fact.

Respectfully Submitted, this 14 day of October, 2025.

                        s/Inez de Ondarza Simmons
                        Inez de Ondarza Simmons
                        North Carolina Bar No. 34303

                        de Ondarza Simmons, PLLC
                        4030 Wake Forest Road, Suite 319
                        Raleigh, North Carolina 27609
                        inez@deondarzasimmons.com
                        984-837-0361 (Tel.)
                        919-277-1720 (Fax)
                        www.deondarzasimmons.com
                        Local Rule 83.1(d) Counsel

                        Kirby G. Smith
                        (Pro Hac Vice Application Pending)
                        Georgia Bar No. 250119
                        The Kirby G. Smith Law Firm, LLC
                        2872 Woodcock Blvd., Suite 225
                        Atlanta, GA 303341
                        T: (844) 454-7529
                        F: (877) 352-6253
                        kgs@kirbygsmith.com

                        *Counsel for Plaintiff*